```
                           United States Bankruptcy Court
                           Middle District of Pennsylvania
In re:                                                              Case No. 20-00232-RNO
Francis Robert Munley                                               Chapter 13
Susan Joe Munley
        Debtors                      CERTIFICATE OF NOTICE
District/off: 0314-5          User: AutoDocke           Page 1 of 2              Date Rcvd: Apr 29, 2020
                              Form ID: pdf002           Total Noticed: 42


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 01, 2020.
db/jdb         +Francis Robert Munley,   Susan Joe Munley,   325 Dolph Street,   Jessup, PA 18434-1007
5293638        +Kay Jewelers,   15220 NW Greenbriar Ste. 200,   Beaverton, OR 97006-5762
5293639        +Law offices of Tullio DeLuca,   381 N. 9th Avenue,   Scranton, PA 18504-2005
5311419        +Midland Credit Management, Inc.,   PO Box 2037,   Warren, MI 48090-2037
5293642        +Patriot's Acceptance,   P.O. Box 5717,   Englewood, NJ 07631-5717
5298389        +Patriot's Home & Auto Outfitters,   PO Box 836,   Hardy, VA 24101-0836
5293645        +Select Portfolio Servicing,   3815 South West Temple,   Salt Lake City, UT 84115-4412
5293647         TD Auto Finance LLC,   P.O. Box 9223,   Farmington Hills, MI 48333-9223
5293648        +TD Bank, N.A.,   1803 Marsh Rd.,   Wilmington, DE 19810-4505
5293650        +Wells Fargo,   P.O. Box 10347,   Des Moines, IA 50306-0347
5316042         Wells Fargo Bank, N.A.,   PO Box 10438, MAC F8235-02F,   Des Moines, IA  50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 29 2020 19:47:11
                 PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5293626        +E-mail/Text: backoffice@affirm.com Apr 29 2020 19:46:25     Affirm, Inc.,
                 650 California St., Fl 12,   San Francisco, CA 94108-2716
5319045         E-mail/Text: ally@ebn.phinsolutions.com Apr 29 2020 19:45:15     Ally Bank,   PO Box 130424,
                 Roseville MN 55113-0004
5293627        +E-mail/Text: ally@ebn.phinsolutions.com Apr 29 2020 19:45:15     Ally Financial,
                 P.O. Box 130424,   Roseville, MN 55113-0004
5305672         E-mail/PDF: resurgentbknotifications@resurgent.com Apr 29 2020 19:47:16     CACH, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5316366         E-mail/PDF: resurgentbknotifications@resurgent.com Apr 29 2020 19:47:54
                 CVI SGP Acquisition Trust,   c/o Resurgent Capital Services,   PO Box 10587,
                 Greenville, SC  29603-0587
5293628        +E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Apr 29 2020 19:47:07     Capital One,
                 PO Box 30285,   Salt Lake City, UT 84130-0285
5317351        +E-mail/Text: bankruptcy@cavps.com Apr 29 2020 19:46:07     Cavalry SPV I, LLC,
                 500 Summit Lake Drive, Ste 400,   Valhalla, NY 10595-2321
5293629        +E-mail/PDF: creditonebknotifications@resurgent.com Apr 29 2020 19:48:31     CreditOne,
                 P.O. Box 98873,   Las Vegas, NV 89193-8873
5293630        +E-mail/Text: Bankruptcy.Consumer@dish.com Apr 29 2020 19:45:55     Dish Network,
                 P.O. Box 9033,   Littleton, CO 80160-9033
5293631        +E-mail/Text: bankruptcynotices@dcicollect.com Apr 29 2020 19:46:15     Diversified Consultants,
                 10550 Deerwood Park Blvd.,   309,   Jacksonville, FL 32256-2805
5293632         E-mail/Text: bnc-bluestem@quantum3group.com Apr 29 2020 19:46:17     Fingerhut,   P.O. Box 1250,
                 St. Cloud, MN 56395-1250
5293634         E-mail/Text: sbse.cio.bnc.mail@irs.gov Apr 29 2020 19:45:25     Internal Revenue Service,
                 Special Procedures Branch,   PO Box 7346,   Philadelphia, PA  19101-7346
5314506         E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 29 2020 19:46:03     Jefferson Capital Systems LLC,
                 Po Box 7999,   Saint Cloud Mn 56302-9617
5293636         E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 29 2020 19:46:03     Jefferson Capital Systems, LLC,
                 16 McLeland Road,   Saint Cloud, MN 56303-2198
5293635         E-mail/Text: JCAP_BNC_Notices@jcap.com Apr 29 2020 19:46:03     Jefferson Capital Systems, LLC,
                 P.O. Box 7999,   St. Cloud, MN 56302
5293637        +E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Apr 29 2020 19:45:33     Kay Jewelers,
                 Attn: Bankruptcy Dept.,   P.O. Box 1799,   Akron, OH 44309-1799
5293640        +E-mail/PDF: resurgentbknotifications@resurgent.com Apr 29 2020 19:47:15     LVNV Funding LLC,
                 P.O. Box 10497,   Greenville, SC 29603-0497
5305671         E-mail/PDF: resurgentbknotifications@resurgent.com Apr 29 2020 19:47:22     LVNV Funding, LLC,
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5314496        +E-mail/Text: bankruptcydpt@mcmcg.com Apr 29 2020 19:45:57     Midland Funding LLC,
                 PO Box 2011,   Warren, MI 48090-2011
5293641        +E-mail/Text: bankruptcydpt@mcmcg.com Apr 29 2020 19:45:57     Midland Funding, LLC,
                 2365 Northside Drive, Ste. 300,   San Diego, CA 92108-2709
5293643         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 29 2020 19:48:29
                 Portfolio Recovery Associates, LLC,   P.O. Box 41067,   Norfolk, VA 23541
5302961         E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Apr 29 2020 19:47:11
                 Portfolio Recovery Associates, LLC,   POB 12914,   Norfolk VA 23541
5316895        +E-mail/Text: kminnix@rimfinancing.com Apr 29 2020 19:46:22     Patriots Acceptance,
                 13860 Booker T Washington Hwy Suite,   100,   Moneta, VA 24121-6264
5308135        +E-mail/Text: csc.bankruptcy@amwater.com Apr 29 2020 19:46:22     Pennsylvania American Water,
                 PO Box 578,   Alton, IL 62002-0578
5293644        +E-mail/PDF: resurgentbknotifications@resurgent.com Apr 29 2020 19:47:15
                 Resurgent Capital Services,   PO Box 10587,   Greenville, SC 29603-0587
5294097        +E-mail/PDF: gecsedi@recoverycorp.com Apr 29 2020 19:47:38     Synchrony Bank,
                 c/o PRA Receivables Management, LLC,   PO Box 41021,   Norfolk, VA 23541-1021
5304013         E-mail/Text: bkrcy@ugi.com Apr 29 2020 19:46:19    UGI Utilities, Inc.,   P.O. Box 13009,
                 Reading, PA 19612
5315097         E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Apr 29 2020 19:48:42     Verizon,
                 by American InfoSource as agent,   PO Box 4457,   Houston, TX  77210-4457
```

```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)
5293649          +E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Apr 29 2020 19:45:09
                   Verizon Bankruptcy Dept.,    500 Technology Drive,    Suite 550,    Weldon Spring, MO 63304-2225
5318978           E-mail/Text: jennifer.chacon@spservicing.com Apr 29 2020 19:46:25
                   Wilmington Savings Fund Society, FSB, et al,    c/o Select Portfolio Servicing, Inc.,
                   P.O. Box 65250,    Salt Lake City, UT 84165-0250
                                                                                              TOTAL: 31

           ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5293633*         +Francis Robert Munley,    325 Dolph Street,    Jessup, PA 18434-1007
5293646*         +Susan Joe Munley,    325 Dolph Street,    Jessup, PA 18434-1007
                                                                                  TOTALS: 0, * 2, ## 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 01, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on April 29, 2020 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
          James    Warmbrodt    on behalf of Creditor    Wilmington Savings Fund Society, FSB, not in its
           individual capacity, but solely as Legal Title Trustee for BCAT 2019-22TT bkgroup@kmllawgroup.com
          Tullio   DeLuca    on behalf of Debtor 1 Francis Robert Munley tullio.deluca@verizon.net
          Tullio   DeLuca    on behalf of Debtor 2 Susan Joe Munley tullio.deluca@verizon.net
          United States Trustee     ustpregion03.ha.ecf@usdoj.gov
                                                                                              TOTAL: 5
```

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>FRANCIS ROBERT MUNLEY<br>a/k/a Francis R. Munley<br>a/k/a Francis Munley<br><br>SUSAN JOE MUNLEY<br>a/k/a Susan J. Munley<br>a/k/a Susan Munley<br>a/k/a Susan Knapp<br>a/k/a Susan J. Knapp<br>a/k/a Susan Joe Knapp<br><br>Debtor(s) | CHAPTER 13<br><br><br><br><br><br><br><br><br><br><br><br>CASE NO. 5-:20-bk-00232 RNO<br><br>_x_ ORIGINAL PLAN<br>___ AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)<br>___ Number of Motions to Avoid Liens<br>___ Number of Motions to Value Collateral |

**CHAPTER 13 PLAN**

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. | Included | * Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ Included | * Not Included |

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $33,000.00, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2020 | 01/2025 | $550.00 | $0.00 | $550 00 | $33,000.00 |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $33,000.00 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:  ( X) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

    (  ) Debtor is over median income. Debtor estimates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  X  No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

\_\_\_\_ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as _____. All sales shall be completed by \_\_\_\_\_. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check one.*

     X  None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

   \_\_\_\_ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a

payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

___ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Select Portfolio Servicing | 325 Dolph St., Jessup, PA 18434 | 4836 |
| Ally Financial | 2019 Mitsubishi Outlander | 2676 |
| Ally Financial | 2017 Dodge Ram 1500 | 6423 |

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.**

___ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Select Portfolio Servicing | 325 Dolph St., Jessup, PA 18434 | **$11,100.00** | **None** | **$11,100.00** |
| Ally Financial | 2019 Mitsubishi Outlander | **$1,807.86** | **None** | **$1,807.86** |
| Ally Financial | 2017 Dodge Ram 1500 | **$2,011.12** | **None** | **$2,011.12** |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

   __X__    None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

   _____    The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

**E. Secured claims for which §506 valuation is applicable.** Check one.

  X   None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

_____ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

**F. Surrender of Collateral.** Check one.

  X   None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

_____ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in

all respects.  Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

    **G.**    **Lien Avoidance.**  Do not use for mortgages or for statutory liens, such as tax liens.  Check one.

  **X**  None.  If "None" is checked, the rest of §2.G need not be completed or reproduced.

  ____  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder |  |  |  |
|---|---|---|---|
| Lien Description For judicial lien, include court and docket number |  |  |  |
| Description of the liened property |  |  |  |
| Liened Asset Value |  |  |  |
| Sum of Senior Liens |  |  |  |
| Exemption Claimed |  |  |  |
| Amount of Lien |  |  |  |
| Amount Avoided |  |  |  |

**3.**    **PRIORITY CLAIMS.**

    **A.**    **Administrative Claims**

        1.    <u>Trustee's Fees.</u> Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2.    <u>Attorney's Fees.</u>  Complete only one of the following options:

a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

  <u>X</u> None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

  ____ The following administrative claims will be paid in full.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| | |
| | |

B. **Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| **Name of Creditor** | **Estimated Total Payment** |
|---|---|
| Internal Revenue Service | $9,534.74 |
| | |
| | |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. § (a)(1)(B).** Check one of the following two lines.

  <u>X</u> None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

_____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4.  **UNSECURED CLAIMS**

   A.  **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   _____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

   B.  **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES. Check one of the following two lines.**

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   _____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

Check the applicable line:

      plan confirmation.
      entry of discharge.
_X_  closing of case.

**7. DISCHARGE: (Check one)**

(X)    The debtor will seek a discharge pursuant to § 1328(a).
(  )    The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:    Adequate Protection Payments
Level 2:    Debtor's Attorney Fees
Level 3:    Domestic Support Obligations
Level 4:    Secured Claims, Pro Rata
Level 5:    Priority Claims, pro rata
Level 6:    Specially classified unsecured claims
Level 7:    Timely filed general unsecured claims
Level 8:    Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:   Adequate protection payments.
Level 2:   Debtor's attorney's fees.
Level 3:   Domestic Support Obligations.
Level 4:   Priority claims, pro rata.
Level 5:   Secured claims, pro rata.
Level 6:   Specially classified unsecured claims.
Level 7:   Timely filed general unsecured claims.
Level 8:   Untimely filed general unsecured claims to which the Debtor has not objected.

### 9. NONSTANDARD PLAN PROVISIONS

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

**The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:**

| | |
|---|---|
| **Chapter 13 Trustee** | $ 2,640.00(est.) |
| **Tullio DeLuca, Esq.,** | $ 3,000.00 |
| **Select Portfolio Servicing** | $ 11,100.00(arrears) |
| **Ally Financial** | $ 1,807.86 (Outlander arrears) |
| **Ally Financial** | $ 2,211.12 Dodge Ram arrears) |
| **Internal Revenue Service** | $ 9,534.74 (priority claim) |
| **Unsecured Creditors - pro-rata basis** | $ 2,706.28 |
| **Total:** | $ 33,000.00 |

**The Chapter 13 Trustee payment shall be made to the following address:**

        **CHARLES J. DEHART, III, ESQ.**
        **P.O. BOX 7005**
        **LANCASTER, PA 17604**

Dated: February 1, 2020            /s/Tullio DeLuca
                                   Attorney for Debtor


                                   /s/Francis Robert Munley
                                   Debtor

                                   /s/Susan Joe Munley
                                   Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.