# UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

In re:

| | |
|---|---|
| FRANCIS ROBERT MUNLEY and<br>SUSAN JOE MUNLEY | Case Number: **5-20-00232**<br>Chapter: **13** |
| * Debtor(s) | |

## CERTIFICATE OF MAILING

The undersigned employee in the office of:

Tullio DeLuca, Esquire

hereby certifies that a copy of the attached Notice and Debtors 2nd Amended Chapter 13 Plan was mailed today to all parties named on the mailing list attached hereto by regular first class mail.

DATED: January 5, 2021

SIGNED: _Lisa Marchak_

TITLE: __/s/Legal Assistant__

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
*********************************************************************

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| FRANCIS AND SUSAN MUNLEY | : | |
| | : | |
| Debtor(s) | : | CASE NO. 5-20-00232 |

*********************************************************************
**NOTICE TO CREDITORS AND OTHER PARTIES IN INTEREST**
*********************************************************************

NOTICE OF OPPORTUNITY TO OBJECT AND HEARING: Pursuant to Local Rule 2002-1(a), the Court will consider this motion, objection, or other matter without further notice or hearing unless a party in interest files an objection/response on or before **January 26, 2021.** If you object to the relief requested, you must file your objection/response with the Clerk of Court and serve a copy on the movant and movant's attorney, if one is designated.

If you file an serve an objection/response within the time permitted, the Court may schedule a hearing and you will be notified. If you do not file an objection within the time permitted, the Court will deem the motion unopposed and proceed to consider the motion without further notice or hearing, and may grant the relief requested.

**Address of the Bankruptcy Clerk's Office:**
U.S. Bankruptcy Court
274 Max Rosenn U.S. Courthouse
197 South Main Street
Wilkes-Barre, PA 18701
570-831-2500

Hours Open: Monday - Friday 9:00 AM to 4:00 PM

DATE: January 05, 2021

Tullio DeLuca, Esquire
PA ID# 59887
Attorney for Debtors/Movants
381 N. 9th Avenue
Scranton, PA 18504

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: | CHAPTER 13
FRANCIS ROBERT MUNLEY
a/k/a Francis R. Munley
a/k/a Francis Munley

SUSAN JOE MUNLEY
a/k/a Susan J. Munley
a/k/a Susan Munley
a/k/a Susan Knapp
a/k/a Susan J. Knapp
a/k/a Susan Joe Knapp

            Debtor(s)

CASE NO. 5-20-00232

|___ ORIGINAL PLAN
| x  2nd AMENDED PLAN (Indicate 1ST, 2ND, 3RD, etc)
|___ Number of Motions to Avoid Liens
|___ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the Plan.

| 1 | The plan contains nonstandard provisions, set out in §9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | * | Included | ☐ | Not Included |
|---|---|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in §2.E, which may result in a partial payment or no payment at all to the secured creditor. |  | Included | * | Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in §2.G | ☐ | Included | * | Not Included |

## YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the Plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid $4,532.96 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $34,814.96, plus other payments and property stated in §1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2020 | 12/2020 | $ | $0.00 | $ | $4,532.96 |
| 01/2021 | 01/2025 | $618.00 | $0.00 | $618.00 | $30,282.00 |
| | | | | Total Payments: | $34,814.96 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify te Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. CHECK ONE:  ( X ) Debtor is at or under median income. *If this line is checked, the rest of §1.A.4 need not be completed or reproduced.*

    ( ) Debtor is over median income. Debtor estimates that a minimum of $ 0.00 must be paid to allowed unsecured creditors in

order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

__X__ No assets will be liquidated. *If this line is checked, the rest of §1.B need not be completed or reproduced.*

____ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $0.00 from the sale of property known and designated as _____. All sales shall be completed by _____. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows: _____.

2. **SECURED CLAIMS.**

A. **Pre-Confirmation Distributions.** *Check one.*

__X__ None. *If "None" is checked, the rest of §2.A need not be completed or reproduced.*

____ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr.P.3002.1(b), the change in the conduit payment to the Trustee will not require modification of this Plan.

**B.** **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. Check One.**

___ None. If "None" is checked, the rest of §2.B need not be completed or reproduced.

_X_ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Select Portfolio Servicing | 325 Dolph St., Jessup, PA 18434 | 4836 |
| Ally Financial | 2019 Mitsubishi Outlander | 2676 |
| Ally Financial | 2017 Dodge Ram 1500 | 6423 |

**C.** **Arrears (Including, but not limited to, claims secured by Debtor's principal residence). Check one.**

___ None. If "None" is checked, the rest of §2.C need not be completed or reproduced.

_X_ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under §1322(b)(5) of the Bankruptcy Code.

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be Cured | Estimated Post-Petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Select Portfolio Servicing | 325 Dolph St., Jessup, PA 18434 | $11,078.73 | $9,480.39 | $20,559.12 |
| Ally Financial | 2019 Mitsubishi Outlander | $1,786.86 | None | $1,786.86 |
| Ally Financial | 2017 Dodge Ram 1500 | $2,011.12 | None | $2,011.12 |

**D. Other secured claims (conduit payments and claims for which a §506 valuation is not applicable, etc.)**

   _X_   None. If "None" is checked, the rest of §2.D need not be completed or reproduced.

   ____   The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| | | | | |

E. **Secured claims for which §506 valuation is applicable.** Check one.

  X   None. If "None" is checked, the rest of §2.E need not be completed or reproduced.

_____ Claims listed in the subsection are debts secured by property not described in §2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee tat the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |

F. **Surrender of Collateral.** Check one.

  X   None. If "None" is checked, the rest of §2.F need not be completed or reproduced.

_____ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in

all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |

    G.    **Lien Avoidance.** Do not use for mortgages or for statutory liens, such as tax liens. Check one.

  X  None. If "None" is checked, the rest of §2.G need not be completed or reproduced.

  ___  The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to §522(f) (this §should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder |  |  |  |  |
|---|---|---|---|---|
| Lien Description For judicial lien, include court and docket number |  |  |  |  |
| Description of the liened property |  |  |  |  |
| Liened Asset Value |  |  |  |  |
| Sum of Senior Liens |  |  |  |  |
| Exemption Claimed |  |  |  |  |
| Amount of Lien |  |  |  |  |
| Amount Avoided |  |  |  |  |

3.    **PRIORITY CLAIMS.**

    A.    **Administrative Claims**

        1.    **Trustee's Fees.** Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
        2.    **Attorney's Fees.** Complete only one of the following options:

a. In addition to the retainer of $1,000.00 already paid by the Debtor, the amount of $3,500.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2( c); or

b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

3. <u>Other.</u> Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   _____ The following administrative claims will be paid in full.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |
|  |  |

B. **Priority Claims (including, certain Domestic Support Obligations)**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| Internal Revenue Service | $848.97 |
|  |  |
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. § (a)(1)(B).** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 3.C need not be completed or reproduced.

_____ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. § 1322 (a)(4)).

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

4. **UNSECURED CLAIMS**

   A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

   _____ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply.

   | Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
   |---|---|---|---|---|
   |  |  |  |  |  |
   |  |  |  |  |  |

   B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** Check one of the following two lines.

   __X__ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

   _____ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume or Reject |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

6. VESTING OF PROPERTY OF THE ESTATE.

   **Property of the estate will vest in the Debtor upon**

   Check the applicable line:

   ___ plan confirmation.
   ___ entry of discharge.
   _X_ closing of case.

7. DISCHARGE: (Check one)

   (X)  The debtor will seek a discharge pursuant to § 1328(a).
   ( )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. ORDER OF DISTRIBUTION:

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to an objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:   Adequate Protection Payments
Level 2:   Debtor's Attorney Fees
Level 3:   Domestic Support Obligations
Level 4:   Secured Claims, Pro Rata
Level 5:   Priority Claims, pro rata
Level 6:   Specially classified unsecured claims
Level 7:   Timely filed general unsecured claims
Level 8:   Untimely filed general unsecured claims to which Debtor has not objected

If the above Levels are filled in, the rest of § 8 need not be completed or reproduced. If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1:    Adequate protection payments.
Level 2:    Debtor's attorney's fees.
Level 3:    Domestic Support Obligations.
Level 4:    Priority claims, pro rata.
Level 5:    Secured claims, pro rata.
Level 6:    Specially classified unsecured claims.
Level 7:    Timely filed general unsecured claims.
Level 8:    Untimely filed general unsecured claims to which the Debtor has not objected.

9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

The following is a summary of the creditors and amounts to be paid by the Trustee pursuant to this Plan:

| | |
|---|---|
| Chapter 13 Trustee | $ 3,202.61(est.) |
| Tullio DeLuca, Esq., | $ 3,500.00 |
| Select Portfolio Servicing | $ 20,559.12(arrears) |
| Ally Financial | $ 1,786.86 (Outlander arrears) |
| Ally Financial | $ 2,211.12 Dodge Ram arrears) |
| Internal Revenue Service | $ 848.97 (priority claim) |
| Unsecured Creditors - pro-rata basis | $ 2,706.28 |
| Total: | $ 34,814.96 |

The Chapter 13 Trustee payment shall be made to the following address:

CHARLES J. DEHART, III, ESQ.
P.O. BOX 7005
LANCASTER, PA 17604

Dated: January 4, 2021                /s/Tullio DeLuca
                                      Attorney for Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in §9.

| | | |
|---|---|---|
| Affirm, Inc.<br>650 California St., Fl 12<br>San Francisco, CA 94108-2716 | Ally Bank<br>PO Box 130424<br>Roseville MN 55113-0004 | Ally Financial<br>P.O. Box 130424<br>Roseville, MN 55113-0004 |
| CACH, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | CVI SGP Acquisition Trust<br>c/o Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Capital One<br>PO Box 30285<br>Salt Lake City, UT 84130-0285 |
| Cavalry SPV I, LLC<br>500 Summit Lake Drive, Ste 400<br>Valhalla, NY 10595-2321 | CreditOne<br>P.O. Box 98873<br>Las Vegas, NV 89193-8873 | Charles J DeHart, III (Trustee)<br>8125 Adams Drive, Suite A<br>Hummelstown, PA 17036-8625 |
| Dish Network<br>P.O. Box 9033<br>Littleton, CO 80160-9033 | Diversified Consultants<br>10550 Deerwood Park Blvd.<br>Jacksonville, FL 32256-2805 | Fingerhut<br>P.O. Box 1250<br>St. Cloud, MN 56395-1250 |
| Internal Revenue Service<br>Special Procedures Branch<br>PO Box 7346<br>Philadelphia, PA 19101-7346 | JEFFERSON CAPITAL SYSTEMS LLC<br>PO BOX 7999<br>SAINT CLOUD MN 56302-7999 | Kay Jewelers<br>15220 NW Greenbriar Ste. 200<br>Beaverton, OR 97006-5762 |
| Kay Jewelers<br>Attn: Bankruptcy Dept.<br>P.O. Box 1799<br>Akron, OH 44309-1799 | LVNV Funding LLC<br>P.O. Box 10497<br>Greenville, SC 29603-0497 | LVNV Funding, LLC<br>Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 |
| Midland Credit Management, Inc.<br>PO Box 2037<br>Warren, MI 48090-2037 | Midland Funding LLC<br>PO Box 2011<br>Warren, MI 48090-2011 | Midland Funding, LLC<br>2365 Northside Drive, Ste. 300<br>San Diego, CA 92108-2709 |
| PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 | Patriot's Acceptance<br>P.O. Box 5717<br>Englewood, NJ 07631-5717 | Patriot's Home & Auto Outfitters<br>PO Box 836<br>Hardy, VA 24101-0836 |
| Patriots Acceptance<br>13860 Booker T Washington Hwy Suite 100<br>Moneta, VA 24121-6264 | Pennsylvania American Water<br>PO Box 578<br>Alton, IL 62002-0578 | PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Resurgent Capital Services<br>PO Box 10587<br>Greenville, SC 29603-0587 | Select Portfolio Servicing<br>3815 South West Temple<br>Salt Lake City, UT 84115-4412 | Synchrony Bank<br>c/o PRA Receivables Management, LLC<br>PO Box 41021<br>Norfolk, VA 23541-1021 |

| | | |
|---|---|---|
| TD Auto Finance LLC<br>P.O. Box 9223<br>Farmington Hills, MI 48333-9223 | TD Bank, N.A.<br>1803 Marsh Rd.<br>Wilmington, DE 19810-4505 | UGI UTILITIES INC<br>ATTN CREDIT & COLLECTIONS<br>P O BOX 13009<br>READING PA 19612-3009 |
| United States Trustee<br>228 Walnut Street, Suite 1190<br>Harrisburg, PA 17101-1722 | Verizon<br>by American InfoSource as agent<br>PO Box 4457<br>Houston, TX 77210-4457 | Verizon Bankruptcy Dept.<br>500 Technology Drive<br>Suite 550<br>Weldon Spring, MO 63304-2225 |
| James Warmbrodt<br>701 Market Street Suite 5000<br>Philadephia, PA 19106-1541 | Wells Fargo<br>P.O. Box 10347<br>Des Moines, IA 50306-0347 | Wells Fargo Bank, N.A.<br>PO Box 10438, MAC F8235-02F<br>Des Moines, IA 50306-0438 |
| Wilmington Savings Fund Society, FSB, et al<br>c/o Select Portfolio Servicing, Inc.<br>P.O. Box 65250<br>Salt Lake City, UT 84165- | | |